# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN D. CARPENTER,
              Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
              Agency.

DOCKET NUMBER
NY-0845-15-0176-I-1

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Patricia Carpenter</u>, Massapequa, New York, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the reconsideration decision of the Office of Personnel Management (OPM) regarding an annuity overpayment he allegedly received under the Federal Employees' Retirement System for lack of jurisdiction

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following OPM's rescission of that decision. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal with the Board regarding OPM's March 25, 2015 reconsideration decision finding that he received an annuity overpayment, for which he was not entitled to a waiver, and informing him that it would collect repayment by deducting monthly installments of $200.00 from his annuity. Initial Appeal File (IAF), Tab 1. He declined a hearing. *Id.*

¶3 On May 21, 2015, OPM advised the administrative judge of its decision to rescind the March 25, 2015 reconsideration decision. IAF, Tab 8 at 4. As such, it moved to dismiss the appeal, arguing that the Board no longer has jurisdiction over the matter. *Id.* The administrative judge issued an initial decision granting OPM's motion. IAF, Tab 10, Initial Decision.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He asserts that, following OPM's rescission of the reconsideration decision and the administrative judge's issuance of the initial decision, OPM

informed him that it would nonetheless commence deducting the monthly installments of $200.00 from his annuity. *Id.*

¶5 OPM filed a response acknowledging that it did erroneously withhold a monthly installment of $200.00 from the appellant's annuity, but subsequently terminated collection and refunded the amount erroneously withheld. PFR File, Tab 4 at 5. OPM submitted a computer printout, with handwritten explanatory notes, which shows that it withheld one installment of $200.00 from the appellant's annuity paycheck dated July 1, 2015, subsequently issued him a refund in the amount of $200.00, and did not withhold the $200.00 installment from his annuity paycheck dated August 3, 2015. *Id.* at 6. The appellant did not submit a reply.

¶6 It is well settled that, if OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). Based on OPM's evidence submitted in response to the appellant's petition for review, which the appellant does not challenge, we find that OPM has completely rescinded its reconsideration decision by refunding the amount it erroneously collected and stopping further collections unless and until it issues a new reconsideration decision. *See Glasgow v. Office of Personnel Management*, 103 M.S.P.R. 531, ¶ 5 (2006). We therefore find that this appeal remains outside of our jurisdiction and we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                                   William D. Spencer
                                                    Clerk of the Board

Washington, D.C.